**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CARLOS SOLANO PEREZ, | Civil Action No. 26-3305 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| PAM BONDI, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Carlos Solano Perez's habeas petition challenging his ongoing immigration detention. (ECF No. 1.) Following an order to show cause, the Government filed a response to the petition. (ECF No. 6.) For the following reasons, the petition is granted, and Petitioner shall be released.[1]

Petitioner is a native and citizen of Ecuador who crossed the southern border of the United States without admission or inspection in September 2021. (ECF No. 1 at 3-4.) Shortly after crossing the border, Petitioner was detained by border patrol,[2] but was ultimately released from custody. (*Id.*) Petitioner has remained in the United States since that time. (*Id.*) On March 24, 2026, Petitioner was encountered by ICE during a targeted enforcement operation and was taken

---

[1] Under this Court's Order to Show Cause (ECF No. 3), Petitioner was entitled to file a reply by April 3, 2026. Because it is clear from the Government's response and this Court's prior decisions that Petitioner is entitled to relief in this matter, and in light of the forthcoming holiday weekend, this Court decides this matter prior to the receipt of a reply or the expiration of time for filing a reply.

[2] Although Petitioner states in his petition that he was at least briefly detained by border patrol after crossing, the immigration documents provided by the Government do not have any record of this detention or release. (ECF No. 6-1 at 1-3.)

1

into custody, purportedly under 8 U.S.C. § 1225(b)(2) as an alien present in the United States without admission or inspection. (ECF No. 6-1 at 2.) Petitioner has remained detained without a bond hearing under § 1225(b0(2) since that time. (ECF No. 1 at 4-5.) Petitioner has no criminal history. (ECF No. 6-1 at 2.)

In responding to Petitioner's habeas petition and this Court's order to show cause, the Government contends Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2). (*See* ECF No. 6.) The Government acknowledges, however, that their position "relies on the same statutory-interpretation arguments," (ECF No. 6 at 3), this Court previously rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). As Petitioner clearly falls into this category as he is an alien who crossed the border without admission or inspection and remained in the United States for several years before he was taken into custody, he clearly may not be held under 8 U.S.C. § 1225(b)(2) under this Court's prior rulings. *Valerio*, 2025 WL 3251445, at *3. Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful. *Id*. Petitioner's habeas petition must therefore be granted.

The Government nonetheless argues that if the Court grants the petition, it should provide Petitioner only with the bond hearing to which he would be entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing

at which they can secure bond by demonstrating they are neither a flight risk or danger).

Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly

taken into custody under that statute in the future, the Government did not take Petitioner into

custody under § 1226(a), nor has it provided Petitioner with the procedural protections available

to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live

possibility.  As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government

shall release Petitioner immediately.  An order consistent with this Memorandum Opinion will be

entered.


Date: April 2, 2026

                                         s/ Zahid N. Quraishi
                                    **ZAHID N. QURAISHI**
                                    **UNITED STATES DISTRICT JUDGE**